```
                                            ___ FILED  ___ LODGED
                                                       ___ RECEIVED

                                               NOV 28 2012

                                              CLERK U.S. DISTRICT COURT
                                         WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                         BY                              DEPUTY
```

Luis Ewing
c/o 34218 S.E. 22nd Way,
(City of) Washougal,
The State of Washington [98671-8793]

PETITION FOR REMOVAL

In re:

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA, WASHINGTON

| | |
|---|---|
| Luis Anthony Ewing  )<br>    Plaintiff/Petitioner  )<br>  )<br>            v.  )<br>  )<br>Kevin Hull,  )<br>Thurman Lowans,  )<br>Jay B. Roof,  )<br>Peter Kay,  )<br>Paige Cummings,  )<br>Christine Inouye,  )<br>Kerry Stevens,  )<br>Nancy Tarbell,  )<br>Anne Montgomery,  )<br>Patrol Officer Steven Miller,  )<br>SW Misner,  )<br>BILLIE Reed, Lyyski,  )<br>VIRGINIA FAULKNER,  )<br>Eugenia Cooper  )<br>CHRISTINE L. JASON,  )<br>STATE OF WASHINGTON Dept. of Children and  )<br>Family Services DSHS CPS Social Worker  )<br>Amanda Johnson  )<br>JOHN AND JANE DOES 1-100,  )<br>individually and as Husband's and Wife's,  )<br>and/or all Marital or Community Property  ) | **CV12 6011** KLS<br>Cause No._____<br><br>PETITION FOR REMOVAL OF: Cause No. 12-5-00202-1; 127003742; Cause No. 127003751 & Cause No. 127003769 TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF THE STATE OF WASHINGTON AT TACOMA PURSUANT TO 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a)(b), 28 U.S.C. § 1446, and/or 25 U.S.C. § 1914 and under 18 U.S.C. § 1962 |

*[Handwritten margin notes: "Summonses issued", "#T-10315"]*

Page: 1 of 8

PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a)(b), 28 U.S.C. § 1446, 25 U.S.C. § 1914 & 18 U.S.C. § 1962

TO: The Clerk of the United States District Court for the Western District of the State of Washington at the City of Tacoma, and,

To all parties of record and their respective counsel;

## NOTICE OF REMOVAL

COMES NOW, Luis Anthony Ewing by special appearance and not generally pursuant RCW 4.28.210 and submits this "Notice of Removal" of Kitsap Superior Court Cause Cause No. 12-5-00202-1; 127003742; Cause No. 127003751 & Cause No. 127003769 to the United States District Court for the Western District of Washington, at Tacoma. Please take notice that the Plaintiff submits this Notice of Petition for Removal pursuant to the authority of 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a)(b), 28 U.S.C. § 1446, 25 U.S.C. § 1914 & 18 U.S.C. § 1962.

1. **Original State Court Action**: This civil action was commenced as cause number Kitsap Superior Court Cause No. 12-5-00202-1; 127003742; Cause

No. 127003751 & Cause No. 127003769, filed in the Superior Court for the State of Washington, in and for Kitsap, at Port Orchard.

2. Substantive Basis for Removal. Defendant bases this notice of removal on 28 U.S.C. sections 1331 and 28 U.S.C. sections 1441, and under 18 U.S.C. section 1962. Diversity between the parties is alleged.

Section 1441 of Title 28 provides that civil actions, brought in state court based on claims arising under federal law over which the district courts of the United States have original jurisdiction, may be removed by the defendant to the local district court. 28 U.S.C. sections 1441(a),(b). Section 1331 provides that the district courts have original jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. section 1331. Removal jurisdiction based on a federal question is determined from the complaint as it exists at the time of the removal. **Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979)**. Removal is proper so long as the federal question is substantial and identifiable. **James v. Belloti, 733 F.2d 989, 992 (1st Cir. 1984)**. A defendant in state court thus has the right to remove a case to federal court in the

district where the state court proceedings are pending if the case could have been filed originally in federal court (i.e., on federal diversity or federal question grounds). 28 U.S.C. section 1441(b). Where removal is properly effected, the district court may exercise pendent jurisdiction over state law that "arise out of a common nucleus of operative fact." **United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)** (doctrine of pendent jurisdiction permits district court to adjudicate factually related state claims).

This is a civil action over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. 1331. Plaintiff's Complaint explicitly states a private civil RICO claim under 18 U.S.C. sections 1962(b) and (c). If sued upon alone, a federal claim under RICO is removable as with a district court's original jurisdiction. **Emrich v. Touch Ross & Co., 846 F.2d 1190, 1196 (9th Cir. 1998)**. Plaintiff's state law claims are factually related. As such, this entire case may be properly removed to this court. See Emrich, supra, 846 F.2d at 1196; United Mine Workers, 383 U.S. at 725, 86 S.Ct. at 1138.

3. **Procedural Requirements for Removal.** The procedural requirements for removal have been met. See 28 U.S.C. section 1446. This notice for removal is timely under 28 U.S.C. section 1446(b). Also filed separately is a copy of a Notice of Removal filed by defendant in the state court action later this day pursuant to 28 U.S.C. section 1446(d). No other records or proceedings are filed with the state court. This notice is certified by the undersigned representative of the defendant pursuant to Fed. R.Civ. P.11 and 28 U.S.C. section 1446(a).

4. Federal Question: Since the U.S. Constitution says that only Congress can regulate Indian Tribes, does the State Court have the Legal Authority to Regulate Indian Tribes?

5.) Federal Question: Since Bureau of Indian Affairs, the U.S. Supreme Court and many Federal Courts have already held that Only the Indian Tribes themselves have the sole and exclusive jurisdiction to decide who is or is not Indian and who is or is not eligible for membership in

any particular Indian Tribe, does the State Court's have the Authority to Deny the Indian Tribes own determinations or decisions in this regard?

6.) Federal Question: Since the Kikiallus Indian Tribe has been specifically recognized in the Pt. Elliot Treaty which is an Act of Congress and in the Statutes at Large, does the State Court have the Authority to Determine that the Kikiallus is NOT "eligible" to become a Federally Recognized Indian Tribe?

7.) Federal Question: Since the Kikiallus Indian Tribe is NOT currently receiving benefits from the Secretary of Interior as a Federally Recognized Indian Tribe, do the State Court's have the legal or statutory authority to decide that the provisions of the INDIAN CHILD WELFARE ACT are NOT applicable to a Non-Federally Recognized Indian Tribe?

8.) Federal Question: Do the State Courts have the legal or statutory Authority to Deny the benefits, privileges and protections of law to Indian Children who are members of a Non-Federally Recognized Indian Tribe without violating the Equal Protection of the Law Provisions of the 14th Amendment of the United States Constitution?

9.) Federal Question: Do the State Courts have the legal or statutory Authority to Violate the Plaintiff Luis Ewing's Sixth Amendment Right to the Assistance of Counsel by forcing him to either accept "Representation" or to "represent" himself?

10.) Federal Question: Is "Standby Assistance of Counsel" synonymous with "Assistance of Counsel" and is "Representation" synonymous with "Assistance of Counsel"?

11.) Federal Question: Can the State Court "deem" that Luis Ewing has waived his Right to "Assistance of Counsel" by appointing him

"standby counsel" who is not actively "assisting" Luis Ewing, but instead is just standing by and can the court "deem" that Luis Ewing has waived his right to counsel when Luis Ewing has stated on the record many times that he does not waive his rights to counsel and has been forced to defend himself against his will because the State Court refuses to allow him to have the "assistance of counsel" as envisioned by the Sixth Amendment of the U.S. Constitution unless he accepts "representation" in lieu of assistance of counsel?

WHEREFORE, this cause of action is hereby removed to the United States District Court for the Western District of Washington, at Tacoma.

DATED this 28th day of November, 2012.

Luis Anthony Ewing

Plaintiff/Petitioner