```
                                              ___ FILED     ___ LODGED
                                              _____ RECEIVED

                                                    NOV 28 2012

                                                 CLERK U.S. DISTRICT COURT
                                              WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                              BY                              DEPUTY
```

Luis Ewing
c/o 34218 S.E. 22nd Way,
(City of) Washougal,
The State of Washington [98671-8793]

25 U.S.C. § 1914 PETITION TO INVALIDATE STATE ACTIONS

In re:

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### TACOMA, WASHINGTON

| | |
|---|---|
| Luis Anthony Ewing ) | |
|     Plaintiff/Petitioner ) | Cause No. **CV12 6011 KLS** |
| ) | |
| v. ) | |
| ) | |
| Kevin Hull, ) | |
| Thurman Lowans, ) | |
| Jay B. Roof, ) | 25 U.S.C. § 1914 PETITION TO COURT OF |
| Peter Kay, ) | COMPETENT JURISDICTION TO INVALIDATE |
| Paige Cummings, ) | ACTION UPON SHOWING OF CERTAIN |
| Christine Inouye, ) | VIOLATIONS OF KITSAP COUNTY SUPERIOR |
| Kerry Stevens, ) | COURT Cause No. 12-5-00202-1; 127003742; Cause |
| Nancy Tarbell, ) | No. 127003751 & Cause No. 127003769 |
| Anne Montgomery, ) | |
| Patrol Officer Steven Miller, ) | |
| SW Misner, ) | |
| BILLIE Reed, Lyyski, ) | |
| VIRGINIA FAULKNER, ) | |
| Eugenia Cooper ) | |
| CHRISTINE L. JASON, ) | |
| STATE OF WASHINGTON Dept. of Children and ) | |
| Family Services DSHS CPS Social Worker ) | |
| Amanda Johnson ) | |
| JOHN AND JANE DOES 1-100, ) | |
| individually and as Husband's and Wife's, ) | |
| and/or all Marital or Community Property ) | |
| ) | |
|     Respondent(s) | |

25 U.S.C. §1914 TO COURT OF COMPETENT JURISDICTION TO INVALIDATE ACTION

UPON SHOWING OF CERTAIN VIOLATIONS OF

25 U.S.C. § 1911 et seq. & 25 U.S.C. § 1912 et seq.

COMES NOW, Luis Anthony Ewing, counsel for the Kikiallus Indian Tribe by special appearance and not generally pursuant to RCW 4.28.210 and submits this 25 U.S.C. § 1914 Petition to court of competent jurisdiction to invalidate action upon showing of certain violations of 25 U.S.C. § 1911 et seq. and 25 U.S.C. § 1912 et seq. to the United States District Court for the Western District of Washington, at Tacoma.

25 U.S.C. § 1914 reads:

> "**25 U.S.C. § 1914 - Petition to court of competent jurisdiction to invalidate action upon showing of certain violations.**
> Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.
> Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.
> Source
> (Pub. L. 95–608, title I, § 104,Nov. 8, 1978, 92 Stat. 3072.)."

## FIRST CAUSE OF ACTION

The defendant(s) have violated the entirety of all the provisions of 25 U.S.C. 1911 which reads:

> "25 U.S.C. 1911 - Indian Tribe jurisdiction over Indian custody proceedings.
> (a) Exclusive jurisdiction
> An Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State by existing Federal law. **Where an Indian child is a ward of a tribal court, the Indian tribe shall retain exclusive jurisdiction, notwithstanding the residence or domicile of the child.**
>
> (b) Transfer of proceedings; declination by tribal court
> **In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe,** absent objection by either parent, **upon the petition of either parent or the Indian custodian or the Indian child's tribe:** Provided, That such transfer shall be subject to declination by the tribal court of such tribe.
>
> (c) State court proceedings; intervention
> **In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child, the Indian custodian of the child <u>and the Indian child's tribe shall have a right to intervene at any point in the proceeding</u>.**
>
> (d) Full faith and credit to public acts, records, and judicial proceedings of Indian tribes
> The United States, every State, every territory or possession of the United States, and every Indian tribe shall give full faith and credit to the public acts, records, and judicial proceedings of any Indian tribe applicable to Indian child custody proceedings to the same extent that such entities give full faith and credit to the public acts, records, and judicial proceedings of any other entity.
>
> (a) Exclusive jurisdiction
> An Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State by existing Federal law. **Where an Indian child is a ward of a tribal court, the Indian tribe shall retain exclusive jurisdiction, notwithstanding the residence or domicile of the child.**
>
> (b) Transfer of proceedings; declination by tribal court
> **In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe,** absent objection by either parent, **upon the petition of either parent or the Indian custodian or the Indian child's tribe:** Provided, That such transfer shall be subject to declination by the tribal court of such tribe.
>
> (c) State court proceedings; intervention

In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child, the Indian custodian of the child and the Indian child's tribe shall have a right to intervene at any point in the proceeding.

(d) Full faith and credit to public acts, records, and judicial proceedings of Indian tribes

The United States, every State, every territory or possession of the United States, and every Indian tribe shall give full faith and credit to the public acts, records, and judicial proceedings of any Indian tribe applicable to Indian child custody proceedings to the same extent that such entities give full faith and credit to the public acts, records, and judicial proceedings of any other entity.

Source
(Pub. L. 95–608, title I, § 101,Nov. 8, 1978, 92 Stat. 3071.)."

## SECOND CAUSE OF ACTION

The defendant(s) have violated the entirety of all the provisions of 25 U.S.C. 1912 which reads:

"25 U.S.C. 1912 - Pending court proceedings

(a) Notice; time for commencement of proceedings; additional time for preparation

In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary: Provided, That the parent or Indian custodian or the tribe shall, upon request, be granted up to twenty additional days to prepare for such proceeding.

(b) Appointment of counsel

In any case in which the court determines indigency, the parent or Indian custodian shall have the right to court-appointed counsel in any removal, placement, or termination proceeding. The court may, in its discretion, appoint counsel for the child upon a finding that such appointment is in the best interest of the child. Where State law makes no provision for appointment of counsel in such proceedings, the court shall promptly notify the Secretary upon appointment of counsel, and the Secretary, upon certification of the presiding judge, shall pay reasonable fees and expenses out of funds which may be appropriated pursuant to section 13 of this title.

(c) Examination of reports or other documents

Each party to a foster care placement or termination of parental rights proceeding under State law involving an Indian child shall have the right to examine all reports or other documents filed with the court upon which any decision with respect to such action may be based.

(d) Remedial services and rehabilitative programs; preventive measures

Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful.

(e) Foster care placement orders; evidence; determination of damage to child

No foster care placement may be ordered in such proceeding in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

(f) Parental rights termination orders; evidence; determination of damage to child

No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

(a) Notice; time for commencement of proceedings; additional time for preparation

In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary: Provided, That the parent or Indian custodian or the tribe shall, upon request, be granted up to twenty additional days to prepare for such proceeding.

(b) Appointment of counsel

In any case in which the court determines indigency, the parent or Indian custodian shall have the right to court-appointed counsel in any removal, placement, or termination proceeding. The court may, in its discretion, appoint counsel for the child upon a finding that such appointment is in the best interest of the child. Where State law makes no provision for appointment of counsel in such proceedings, the court shall promptly notify the Secretary upon appointment of counsel, and the Secretary, upon certification of the presiding judge, shall pay reasonable fees and expenses out of funds which may be appropriated pursuant to section 13 of this title.

(c) Examination of reports or other documents

Each party to a foster care placement or termination of parental rights proceeding under State law involving an Indian child shall have the right to examine all reports or other

documents filed with the court upon which any decision with respect to such action may be based.

(d) Remedial services and rehabilitative programs; preventive measures
Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful.

(e) Foster care placement orders; evidence; determination of damage to child
No foster care placement may be ordered in such proceeding in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

(f) Parental rights termination orders; evidence; determination of damage to child
No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.
Source
(Pub. L. 95–608, title I, § 102,Nov. 8, 1978, 92 Stat. 3071.)."

The Plaintiff reserves the right to file an amended version of this complaint at any time pursuant to the applicable Federal Rules of Civil Procedure.

The Plaintiff has nothing further to say at this time.



Luis Ewing

Dated this 28th day of November, A.D. 2012